# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cr3459 BTM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS INDICTMENT** |
| v. | |
| RAUL MENDEZ-BELLO, | |
| Defendant. | |

Defendant Raul Mendez-Bello has filed a motion to dismiss Count 1 of the Indictment on the ground that it is duplicitous because it alleges that Defendant both entered and attempted to enter the United States in violation of 8 U.S.C. § 1325.  For the reasons discussed below, Defendant's motion is **DENIED**.

An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count.  United States v. Mancuso, 718 F.3d 780, 792 (9th Cir. 2013).  In United States v. Ramirez-Martinez, 273 F.3d 903 (9th Cir. 2001), the Ninth Circuit held that counts of an indictment alleging both actual transportation and attempt to transport an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) were duplicitous.  The Ninth Circuit reasoned that actual transporting is a general intent crime, whereas attempting to transport requires a showing of specific intent.  Id. at 914.  Thus, attempting

to transport and actual transportation are separate and distinct crimes, and the government's inclusion of both crimes in a single count violated the principle of duplicity.

Under the reasoning of Ramirez-Martinez, Defendant correctly asserts that Count 1 of the Indictment is duplicitous because it alleges that Defendant both entered and attempted to enter the United States. However, dismissal of the Indictment is not the proper remedy. As explained by the Ninth Circuit:

> [A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed.

Id. at 915. One of these remedies can be elected at a later date.

Defendant also moves the Court to grant a bill of particulars in the event that it does not dismiss Count 1. The Court denies Defendant's request because a bill of particulars is not warranted at this time. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). "Full discovery will obviate the need for a bill of particulars." Id. If Defendant believes that it is entitled to specific discovery that has not been provided by the government, Defendant may make a motion for such discovery.

For the reasons discussed above, Defendant's motion to dismiss Count 1 of the Indictment and for a bill of particulars is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 30, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court